WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
PHOENIX, ARIZONA

```
FILED          LODGED
RECEIVED       COPY

SEP 0 8 2020

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY                   DEPUTY
```

CASE NO.: 20-04163MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **THOMAS JOSEPH GRABAREK**

**VIOLATION(S) PLEADING GUILTY TO:**
**Counts 1 and 2 of the Information: Count 1 Charging:** Leaving a Fire Unextinguished, in violation of 18 U.S.C. § 1856, a Class B misdemeanor; and **Count 2 Charging:** False Information, in violation of 36 C.F.R. § 2.32(a)(3), a Class B Misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $5,000.00/count
MAXIMUM IMPRISONMENT (38 C.F.R. § 1.218(b)): Six months/count
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00/count

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
The Court shall accept the plea, including a factual basis, but shall defer entry of judgment and sentencing until August 21, 2021 (the "deferral period") to allow the defendant to demonstrate his good conduct. In addition to any other terms that the Court deems appropriate, plus all pretrial release conditions imposed by the Court (if applicable), during the deferral period the defendant shall pay restitution to the National Park Service/Grand Canyon National Park in the amount of $53,520.03, and perform community service on behalf of the Grand Canyon National Park. The community service shall consist of a Public Service Announcement for the Canyon District, as well as assisting NPS in the creation of an educational sign to be posted in the Backcountry Information Center regarding the dangers of burning toilet paper in the backcountry. Costs for these items to be covered in the agreed restitution amount. If the defendant abides by these terms, as well as any release conditions (if applicable), the U.S. Attorney's Office will move to dismiss this case with prejudice on or before August 21, 2021 and all further proceedings shall be terminated. However, if the defendant violates any of his release conditions or any of the foregoing conditions set forth in this paragraph, then the matter shall proceed to sentencing (after a hearing on any alleged violations) with any lawful sentence to be entered in the Court's discretion.

1

**DISPOSITION OF ADDITIONAL CHARGES:** If the Court accepts the plea and stipulated sentence, the United States Attorney's Office agrees that it will: (1) not file any additional charges against the defendant or Ellen Grabarek pertaining to the facts set forth in the reports in National Park Service Investigative Activity Report # NP19183320; and (2) not refer the matters to state or local authorities for prosecution.

**VICTIM(S) INFORMED OF AGREEMENT:** __Yes__

**ELEMENTS OF OFFENSE(S):**

**Count 1: Leaving a Fire Unextinguished:** That on or about October 27, 2019, within the Grand Canyon National Park, in the State and District of Arizona, the defendant, Thomas Joseph Grabarek, did leave a fire unextinguished.

**Count 2: False Information:** That on or about November 7, 2019, the defendant, Thomas Joseph Grabarek, did knowing provide false information to a federal law enforcement officer in relation to a criminal investigation of an incident which had occurred within the confines of the Grand Canyon National Park, in the State and District of Arizona.

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge: On or about October 27 2019, along with my wife, Ellen, I was camping and hiking within the Grand Canyon National Park, located in Coconino County, in the State and District of Arizona. I knowingly lit some toilet paper on fire in an effort to destroy it. Because of gusty wind conditions, the burning toilet paper caused dry brush nearby in the area of the Cottonwood Creek Campground to catch fire and burn. The fire spread quickly. My wife and I initially attempted to make sure that anyone camping in the area was alerted to the fire, but quickly realized that we needed to run in order to escape the rapidly growing fire. We hiked as quickly as possible to the top of the South Rim of the canyon, never notifying anyone that I had caused the fire. We then left Grand Canyon National Park and drove to Williams, Arizona where we spent the night. When contacted by NPS Special Agent Oakes on November 7, 2019 regarding the fire, I initially denied having caused it. I did so because I was afraid, and because I was embarrassed and ashamed of what I had done. Later, I did admit to starting the fire.

> I have been made aware of the scope and extent of the fire and the damage it caused. I take full responsibility for my reckless act in trying to burn the toilet paper, and acknowledge the damage that my act caused to the sensitive environment and ecosystem within the Grand Canyon. My wife and I are committed to working with the National Park Service at the Grand Canyon in order to educate others so that they can learn from my mistakes.

I, **THOMAS JOSEPH GRABAREK**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

**I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily**

Thomas Joseph Grabarek 8/12/20
Thomas Joseph Grabarek — Date
Defendant

for P.J.S. 8/12/20
Patrick J. Schneider — Date
Assistant United States Attorney

9/8/2020
Camille D. Bibles — Date
U.S. Magistrate Judge

✓ ACCEPTED ______ REJECTED